**GASTON MEMORIAL HOSPITAL HOME HEALTH SERVICES, INC., Plaintiff,**

v.

**BRIDGESTONE/FIRESTONE, INC., Defendant.**

**No. 3:92CV62–P.**

United States District Court, W.D. North Carolina, Charlotte Division.

Aug. 23, 1993.

Nancy B. Paschall, Alala, Mullen, Holland & Cooper, Gastonia, NC, for plaintiff.

Mark S. Thomas, Maupin, Taylor, Ellis & Adams, Raleigh, NC, for defendant.

## MEMORANDUM OF DECISION and ORDER

ROBERT D. POTTER, District Judge.

**THIS MATTER** is before the Court on motion of Defendant Bridgestone/Firestone, Inc.'s ("Firestone"), filed November 18, 1992, for summary judgment. Plaintiff Gaston Memorial Hospital Home Health Services, Inc. ("Gaston Memorial") filed a response in opposition on December 15, 1992 and a surreply on January 11, 1993. Firestone filed a reply on December 23, 1992.

Gaston Memorial's complaint alleges three state-law causes of action: quantum meruit, promissory estoppel, and breach of express contract allegedly for the rendering of nurs-ing services to persons covered under Firestone's Comprehensive Medical Expense Benefit Plan (the "Plan") for its employees. Firestone contends that the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), preempts Gaston Memorial's state-law causes of action.

### Summary Judgment Standard

Summary judgment is appropriate when the pleadings, responses to discovery, and the record reveal that no genuine issue of any material fact exists and that the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). The party moving for summary judgment has the initial burden of showing that no genuine issue of any material fact exists and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). After the moving party has met its burden, the non-moving party must come forward with specific facts showing that evidence exists to support its claims and that a genuine issue for trial exists. *Id.; Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *see* Fed.R.Civ.P. 56(e) (in response to motion for summary judgment, "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial"). When considering motions for summary judgment, courts must view facts and inferences in the light most favorable to the party opposing the motion for summary judgment. *Matsushita,* 475 U.S. at 587–88, 106 S.Ct. at 1356; *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962). When, however, the evidence from the entire record could not lead a rational fact-finder to find for the non-moving party, no genuine issue for trial exists and summary judgment is appropriate. *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356.

## Factual Background

Gaston Memorial is a North Carolina corporation with its principal office located in Gastonia, North Carolina. Gaston Memorial provides private nursing services to persons in the Gaston County, North Carolina area. Firestone is an Ohio corporation that operates a facility in Gastonia, North Carolina.

Beginning in August, 1986 and continuing into June, 1991, Gaston Memorial provided private nursing services to seven beneficiaries[1] (the "Beneficiaries" or the "Patients") of Firestone's self-funded Plan.[2] Gaston Memorial supplied the nursing services to the Beneficiaries pursuant to the orders of their attending physicians. Firestone paid for these nursing services for over four years. On June 4, 1991, Firestone told Gaston Memorial that it would no longer pay for the nursing services previously rendered to the Patients. As of that time, the Patients had accrued unpaid bills for private nursing services in excess of $400,000.

In each case in which Gaston Memorial provided the Patients with private nursing services, Teresa Dale McKinnish ("McKinnish"), acting on behalf of Gaston Memorial, contacted Firestone and Firestone's agent, Connecticut General Life Insurance Company, prior to providing nursing services. In each case, McKinnish verified from these contacts that the Patients had coverage. McKinnish also verified that the Plan would cover the private duty nursing services provided that Gaston Memorial obtained a letter of medical necessity from each Patient's physician. McKinnish informed Firestone's agents that the Patients' physicians had ordered private nursing services; she also informed Firestone's agents of the prospective costs of the services. Gaston Memorial, in reliance on Firestone's specific, express verifications of coverage, provided private nursing services to the seven Beneficiaries.

1. The seven beneficiaries are Lona Dover, Walter Revels, John McMillan, Sallie Hawkins, Juanita Holland, Annie Galloway, and Johnnie Young.

2. During the time that Gaston Memorial provided private nursing services to the Beneficiaries, there were two different versions of the Plan in effect. The two versions of the Plan, however, do not differ for the purposes of this matter.

After McKinnish verified coverage, she obtained a written assignment of benefits from each of the seven Beneficiaries.

## Discussion

■ The only issue presented is whether ERISA preempts a health care provider's claims against the employer—the ERISA plan provider—for state, common-law causes of action to recover for services provided to plan beneficiaries pursuant to the employer's verification of coverage. ERISA preempts any state laws that "relate to any employee benefit plan." 29 U.S.C. § 1144(a). The Supreme Court repeatedly has commented on the "expansive sweep of [ERISA's] pre-emption clause." *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 47, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987). Congressional intent is the "ultimate touchstone" of whether ERISA's expansive preemption clause forecloses any particular state-law claim. *Id.* at 45, 107 S.Ct. at 1551 (" 'The question whether a certain state action is preempted by federal law is one of congressional intent.' ")

ERISA clearly preempts any state-law claim by a beneficiary for benefits under an ERISA plan. The reasoning behind this rule of law is sound: ERISA seeks to provide a uniform system for the regulation of employee benefit plans; a ruling that awarded benefits based on a state-law theory of recovery necessarily would undermine Congress' intent of providing a uniform system of regulation.[3] This case poses the issue of whether a health care provider's state-law action to recover for health care services provided to beneficiaries presents the same danger, to wit, the danger of undermining ERISA's uniform system of regulation. Although there can be no doubt that Congress intended that ERISA " 'establish pension plan regulation as exclusively a federal concern,' " *Pilot Life,*

3. Maintaining the uniformity of ERISA's enforcement provisions is significant because the particular system that Congress chose reflects its policy decisions after "a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans." *Pilot Life,* 481 U.S. at 54, 107 S.Ct. at 1556.

481 U.S. at 45, 107 S.Ct. at 1551, the Act cannot preempt every state-law claim that it touches; there are bounds even to ERISA pre-emption. *See Shaw v. Delta Airlines,* 463 U.S. 85, 100, n. 21, 103 S.Ct. 2890, 2901, n. 21, 77 L.Ed.2d 490 (1983) (finding that state claims that affect ERISA plans in " 'too tenuous, remote, or peripheral a manner' will not be preempted.")

■ The Court in *Memorial Hospital System v. Northbrook Life Ins. Co.,* 904 F.2d 236 (5th Cir.1990), set out two factors that a court should consider to determine whether ERISA preempts a plaintiff's state-law cause of action: 1) whether "the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan," and 2) whether "the claims directly affect the relationship among the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Id.* 904 F.2d at 245. These two factors address the need to protect the uniformity of ERISA's enforcement provisions and the need to protect the benefits, as defined in the Plan, from oral modifications.

Consideration of these two factors indicates that ERISA does not preempt Gaston Memorial's (the health care provider) claims against Firestone. The instant complaint states a contractual or quasi-contractual cause of action between two commercial entities; the existence of the Plan—or the health care subject matter in general—is merely factual background for this dispute. A commercial dispute between two business entities is not, and never has been, an area of federal concern; this type of dispute concerns an area of quintessential, traditional state interest, that is, the regulation of contractual and quasi-contractual business relationships. The relationship between Gaston Memorial and Firestone is direct; Firestone's Plan is only incidental to this relationship.[4]

Moreover, regardless of which party prevails, none of the terms of the Plan or the benefits provided under the Plan would be affected. If Gaston Memorial prevails, it will not recover "benefits" under the Plan; it would recover on its contract or quasi-contract with Firestone. The Beneficiaries' assignment of benefits to Gaston Memorial is irrelevant because Gaston Memorial does not rely on these assignments of benefits; Gaston Memorial relies on the representations that Firestone made to Gaston Memorial directly. Thus, the relationship between the principal parties involved in the Plan—the employer, the beneficiaries, and the fiduciaries—would not be affected. When the state-law claim at issue " 'does not affect the structure, administration, or the type of benefits provided by an ERISA plan, the mere fact that the [claim will have] some economic impact on the plan does not require that the [claim be preempted].' " *Hospice of Metro Denver v. Group Health Ins.,* 944 F.2d 752, 754–755 (10th Cir.1991) (*quoting Rebaldo v. Cuomo,* 749 F.2d 133, 139 (2nd Cir.1984)). The beneficiaries' rights would still be defined by the Plan; the Plan's terms would be unmodified.

Regardless of who prevails, however, there will be some change in the relationship between the health care providers and the employer, but there would be some change in their relationship even if Gaston Memorial were not allowed to pursue its state-law claims. If Gaston Memorial prevails, Firestone presumably would be much more cautious in verifying coverage under the Plan. Such caution may affect the beneficiaries. Firestone, for example, might become unwilling to verify certain health care services orally over the phone, thus delaying services to beneficiaries. If Firestone were to prevail on its preemption argument, however, Gaston Memorial presumably would be more cautious in providing services. Gaston Memorial's caution might lead it to withhold services absent prepayment; Gaston Memorial almost certainly would require more than mere verbal verification of coverage in the future. In any event, there would be some incidental effect on the beneficiaries regardless of whether Gaston Memorial's state-law claims are preempted. Such are the realities of the health care industry: health care providers are largely commercial entities that

4. For an excellent discussion of the relationship between the health care provider and the employer, see *Memorial Hospital,* 904 F.2d at 246–250.

exist to make a profit; they cannot be expected to provide gratuitous services routinely.

Gaston Memorial's claims against Firestone for health care services provided to Beneficiaries under the Plan do not relate to the Plan. Such a claim does not require consideration of the Plan itself or its terms; indeed, the Plan and its terms are irrelevant to the Gaston Memorial's contractual or quasi-contractual claim against Firestone.

**NOW, THEREFORE, IT IS ORDERED** that Firestone's motion for summary judgment be, and hereby is, **DENIED.**